UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

DAVID JAMES CLARK,

            Defendant.

No. CR-13-0097-FVS

ORDER GRANTING MOTION IN
LIMINE AND DENYING MOTION
TO DISMISS

**THIS MATTER** came before the Court on August 5, 2013. Assistant United States Attorney George J.C. Jacobs, III, appeared on behalf of the United States. Defendant was present and represented by Robert B. Fischer. This order is intended to memorialize and supplement the Court's oral rulings.

**I.    BACKGROUND**

On October 21, 1997, Defendant was convicted of felony sexual assault in the Circuit Court of Jasper County, Missouri, and sentenced to five years in prison. On March 30, 2011, Defendant completed a Missouri Sex Offender Registration and provided an address in Webb City, Missouri. He was advised that: "Under the Adam Walsh Child Protection Act of 2005, 18 United States Code 2250, if you travel to another state and fail to register as required, you are subject to federal prosecution . . . ."

ORDER . . . - 1

Social Security Administration records indicate Defendant reported on August 16, 2012, that his address as of May 1, 2012, was 1425 Matson Road, Colville, Washington. On June 6, 2013, Defendant was charged in the Eastern District of Washington with failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). The indictment alleges as follows:

> Between on or about June 30, 2011, and June 6, 2013 in the Eastern District of Washington, DAVID JAMES CLARK, a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and did knowingly fail to register and update a registration, all in violation of 18 U.S.C. § 2250(a).

(ECF No. 17).

## II.   DISCUSSION

### A.   Motion in Limine

On July 19, 2013, Defendant filed a motion in limine raising five specific issues. (ECF No. 27). The Government filed a response on July 26, 2013. (ECF No. 28).

#### 1.   Old Chief Stipulation

Defendant requests that the Court provide the jury with an Old Chief stipulation for the predicate felony conviction (Defendant's 1997 sex offense conviction) pursuant to 18 U.S.C. § 2250(a) and 42 U.S.C. § 16911, et seq. (ECF No. 27 at 3-4). The Government's response indicates it is in agreement with Defendant and believes the parties can agree upon a stipulation to avoid the necessity of disclosing to the jury the nature of Defendant's prior sex offense. (ECF No. 28).

///

///

ORDER . . . - 2

**2.    Rule 404(b)/609 Evidence**

Defendant requests that the Court compel the Government to identify which prior convictions of Defendant it seeks to introduce under Rules 404(b) and 609. (ECF No. 27 at 5-6). The Government responded it will, by separate response, provide notice of its intent to use Rule 404(b)/609 evidence. (ECF No. 28).

**3.    Exclusion of Witnesses**

Defendant requests, pursuant to Fed.R.Evid. 615, that all witnesses be excluded from the courtroom until they are excused from service. (ECF No. 27 at 6). The Government responded it joins in the defense motion to exclude witnesses. (ECF No. 28).

**4.    Overview Testimony**

Defendant requests that the Court prohibit any vouching or "overview testimony" by any law enforcement agent or officer. (ECF No. 27 at 6-8). The Government indicated it will seek to admit only admissible evidence. (ECF No. 28).

**5.    Percipient Witnesses as Expert Witnesses**

Defendant requests that the Court determine the admissibility of any percipient witnesses as expert witnesses prior to its admission to the jury. (ECF No. 27 at 8-12). The Government indicated it is in agreement that any opinion evidence should be addressed outside the presence of the jury. (ECF No. 28).

Based on the Government's July 26, 2013 response (ECF No. 28), it is apparent there is no disagreement with respect to the issues raised by Defendant's motion in limine. Accordingly, the Court grants Defendant's motion in limine.

ORDER . . . - 3

**B.    Motion to Dismiss**

Defendant has additionally filed a Motion to Dismiss the Indictment.  (ECF No. 26).  Defendant challenges the application of the Sex Offender Registration and Notification Act ("SORNA").

SORNA was passed on July 27, 2006.  It creates national standards for sex offender registration and a national sex offender registry.  In addition, it criminalizes a sex offender's failure to register.  States are encouraged to implement SORNA through funding incentives.  The state of Washington has yet to implement SORNA.

**1.    Application of SORNA**

Defendant first asserts that the indictment must be dismissed because the applicable statute requires a defendant to register with a SORNA compliant sex-registration scheme and, at the time of Defendant's alleged offense, no such SORNA-compliant scheme existed in the state of Washington.  Defendant contends that until a state implements SORNA, it is impossible for an offender to register under SORNA, and, because Washington State has yet to implement SORNA, Defendant is not obliged to register under SORNA.

The arm of SORNA which imposes criminal sanctions requires sex offenders to "register under the Sex Offender Registration and Notification Act."  18 U.S.C. § 2250.  Pursuant to SORNA, the "sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."  42 U.S.C. § 16913(a).  Accordingly, the plain language of Section 16913(a) commands a sex offender to register in each jurisdiction where the

offender resides, is employed, or goes to school.  (ECF No. 29 at 5). It does not command a sex offender to register in each jurisdiction or residence, employment or school only after those jurisdictions have implemented SORNA.

There is an abundance of case law which has held that the failure of the state to implement or update its registration in accordance with SORNA does not relieve the sex offender of his duty to register all information that is required by then existing state law.  *See, e.g., United States v.* George, 625 F.3d 1124, *vacated on other grounds*, 672 F.3d 1126 (9th Cir. 2010) ("Without regard to whether SORNA is implemented by Washington or any other state, registration under it is required."); *United States v. Guzman*, 591 F.3d 83, 93 (2nd Cir. 2010) ("SORNA creates a federal duty to register with the relevant existing state registries regardless of state implementation of the specific additional requirements of SORNA."); *United States v. Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008) (determining that the fact that Oklahoma had not statutorily implemented SORNA did not provide an excuse for the defendant not to register because the defendant had knowledge of his duty to register under similar state and federal provisions); *United States v. Crum*, 2008 WL 4542408, at *2 (W.D. Wash. 2008) ("Washington's failure to implement SORNA has no bearing on defendant's free-standing duty under federal law to 'register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.'"); *United States v. Benton*, 2008 WL 5273971, at *6 (S.D. Ohio 2008) (recognizing that

ORDER . . . - 5

"courts addressing this issue have overwhelmingly held that SORNA is effective and applicable prior to state implementation of SORNA requirements").  These courts have recognized that SORNA creates a federal duty to register and this federal duty to register is not dependent on whether the state has implemented SORNA.

Defendant's federal duty to register is triggered because he meets SORNA's statutory definition of "sex offender."  *See Crum*, 2008 WL 4542408, at *2 ("While Washington may choose never to implement the law, and thereby forego a portion of its federal funding, *see* 42 U.S.C. § 16925, an individual sex offender has no option to flout his federal obligation.").  Contrary to Defendant's argument, Defendant's federal duty to register existed independent of Washington's implementation of SORNA.

### 2.    Commerce Clause

Defendant next claims that the indictment must be dismissed because SORNA exceeds the scope of Congress's power under the Commerce Clause.

Defendant's Commerce Clause argument is foreclosed by Ninth Circuit case law.  The Ninth Circuit's holding in *United States v. Valverde*, 628 F.3d 1159, 1162 (9th Cir. 2010), reaffirmed its prior decision in *George* that SORNA's registration requirements do not violate the Commerce Clause:

> On September 29, 2010, this court held that the SORNA provisions that the district court . . . declared invalid under the Commerce Clause were legitimate exercises of Congress's commerce power.  *United States v. George*, 625 F.3d 1124, 1130 (9th Cir. 2010) (reasoning that SORNA's registration requirements "are reasonably aimed at regulating persons or things in interstate commerce and the use of the channels of interstate commerce." (citation and quotation marks omitted)).  That holding controls

ORDER . . . - 6

here.  We therefore hold that the district court erred in dismissing Valverde's indictment on the ground that 42 U.S.C. § 16913 and 18 U.S.C. § 2250 were an invalid exercises of congressional authority under the Commerce Clause.

Contrary to Defendant's assertion, SORNA is a valid exercise of Congress's Commerce Clause authority.  *See, also, United States v. Cabrera-Gutierrez*, 718 F.3d 873, 877 (9th Cir. June 3, 2013) ("we see no reason to depart from our previously expressed opinion and reaffirm that Congress had the power under the Commerce Clause to enact SORNA").

### 3.   Delegation of Legislative Authority

Defendant lastly argues that SORNA is unconstitutional because 42 U.S.C. § 16913(d) violates the non-delegation doctrine by delegating to the Attorney General the power to determine SORNA's retroactivity.

Under the non-delegation doctrine, Congress "is not permitted to abdicate or transfer to others the legislative functions with which it is [constitutionally] vested." *Panama Ref. Co. v. Ryan,* 293 U.S. 388, 421 (1935).  The non-delegation doctrine does not keep Congress from obtaining the assistance of its coordinate branches; it merely requires Congress to provide clear guidance and delineate the boundaries of delegated authority.  *Mistretta v. United States,* 488 U.S. 361, 372-373 (1989).

42 U.S.C. § 16913(d) provides:

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

ORDER . . . - 7

When read in isolation, this provision may appear to grant the Attorney General authority to determine SORNA's retroactivity. However, when Section 16913 is read as a whole, it is apparent that Section 16913(d) only authorizes the Attorney General to promulgate regulations in a limited number of circumstances. *See United States v. Elliott*, 2007 WL 4365599 (S.D. Fla. 2007) ("this Court does not read SORNA as empowering the Attorney General to determine the retroactive application of SORNA, *in toto*, but rather only permits the Attorney General to issue regulations with respect to those persons who are unable to comply with the "initial registration" requirements of § 16913(b)"). A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme. *Smith v. U.S.,* 508 U.S. 223, 233 (1993).

Section 16913(a) requires every sex offender, defined as "an individual who **was** convicted of a sex offense," 42 U.S.C. § 16911(1) (emphasis added), to register without regard to the date of their conviction. The plain language of 42 U.S.C. § 16913(a) thus indicates that SORNA is applicable to sex offenders convicted at any time, before or after July 27, 2006. It is apparent that Congress made SORNA retroactive. Even if the language of the statute was deemed ambiguous, the conclusion that SORNA is applicable to sex offenders convicted prior to the Act is supported by the purpose of the Act: to establish a national registry of sex offenders for the protection of the public. 42 U.S.C. § 16901. It was Congress's desire to create a comprehensive and uniform registration system among the states to ensure offenders could not evade requirements by

simply moving from one state to another.  To construe Section 16913

as excluding all sex offenders convicted prior to July 27, 2006 would

defeat the express purpose of the Act.

Moreover, Congress delegated authority to the Attorney General

in 42 U.S.C. § 16913(d) only to promulgate regulations for the

registration of persons classified as sex offenders under SORNA who

were not previously required to register under the laws of their

state.  *See United States v. Waybright*, 561 F. Supp. 2d 1154, 1170-

1171 (D. Mont. 2008); *United States v. Elliott*, 2007 WL 4365599 (S.D.

Fla. 2007) (Section 16913(d) only permits the Attorney General to

issue regulations with respect to those persons who are unable to

comply with the "initial registration" requirements of Section

16913(b)); *United States v. LeTourneau,* 2008 WL 112105, at *6 (S.D.

Tex. 2008) (the authority delegated under Section 16913(d) is

limited); *United States v. May,* 2007 WL 2790388, at *6 (S.D. Ia.

2007) (Section 16913(d) delegates a limited authority, and the

Attorney General has been granted merely an advisory role).  In

enacting 42 U.S.C. § 16913(d), Congress merely authorized the

Attorney General to create gap-filling provisions to insure SORNA's

statutory purpose is effectuated when sex offenders fall outside the

purview of Section 16913(b).  *United States v. Mason,* 510 F.Supp.2d

923, 928 (M.D. Fla. 2007).  This reading of the limited authority

delegated in Section 16913(d) is also supported by the heading of

that section: "Initial registration of sex offenders unable to comply

with subsection (b) of this section."

*///*

ORDER . . . - 9

Because Section 16913(d) only grants the Attorney General authority to promulgate regulations in limited circumstances, Congress did not violate the non-delegation doctrine of the Constitution by giving the Attorney General limited authority under 42 U.S.C. § 16913(d).

For the reasons discussed above, the Court denies Defendant's motion to dismiss.

**III. CONCLUSION**

The Court being fully advised, **IT IS HEREBY ORDERED as follows:**

1.    Defendant's Motion in Limine (**ECF No. 27**) is **GRANTED**; and

2.    Defendant's Motion to Dismiss (**ECF No. 26**) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   5th   day of August, 2013.

                          S/Fred Van Sickle
                        Fred Van Sickle
              Senior United States District Judge